23-35315-CV

_____

IN THE

United States Court of Appeals

FOR THE NINTH CIRCUIT

Cloanto Corporation, et al,

        *Plaintiff-[Appellant],*

---v.---

Hyperion Entertainment C.V.B.A.,

        *Defendant-[Appellee].*

ON APPEAL FROM THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WASHINGTON

_____

_____

**MOTION OF DEFENDANT-APPELLEE FOR RECONSIDERATION**

_____

_____

Tim J. Billick

Tim J. Billick, WSBA No. 46690
Practus LLP
E-mail: tim.billick@practus.com
600 First Ave, Ste.102
Seattle, WA 98104
Ph. 206-844-6539

*Attorneys for Defendant-Appellee*
*Hyperion Entertainment C.V.B.A.*

## MOTION OF DEFENDANT-APPELLEE FOR RECONSIDERATION

Defendant-Appellee Hyperion Entertainment C.V.B.A., ("Hyperion") respectfully moves pursuant to Ninth Circuit Rule 27-10(a)(3) of the Clerk's November 7, 2024 Order (Dkt. 50) striking Hyperion's Answering Brief (Dkt. 28) from consideration. Good cause exists for this Court to consider the Answering Brief, and prejudice to Appellants would be minimal.

"Generally, an appellee waives any argument it fails to raise in its answering brief." *United States v. Dreyer*, 804 F.3d 1266, 1277 (9th Cir. 2015) (*en banc*); However, this Court has discretion to make an exception to waiver under the "exceptional" case in which review is necessary to prevent a miscarriage of justice or to preserve the integrity of the judicial process. *Id.* To prevent a miscarriage of justice, and to further this Court's policy of considering cases on the full merits, Appellee's Answering Brief should be considered. It is unclear from the record why prior counsel for Appellee's withdrew from the case – especially *after* they completed the bulk of the work on the matter already and *before* oral argument was ordered. Nonetheless, they

2

did. (Dkt. 37.) Unfortunately, Hyperion was not able to secure new counsel until recently. Without divulging attorney-client communications, or waiving privilege, Hyperion was delayed in its ability to secure new counsel due to its status as an international entity, and confusion regarding the sufficiency of its *foreign counsel* Mr. Ben Hermans to appear on its behalf. Also, the nebulous nature of prior counsel's departure after filing the Answering Brief created an atypical procedural posture that assuredly dissuaded potential attorneys within the Ninth Circuit to appear for Hyperion. But at this point, Hyperion is making a good-faith effort to comply with the clerk's orders. Hyperion therefore should not be penalized for compliance, particularly when its tardiness has not prejudiced Appellants, as discussed below.

When reviewing issues of waiver, this Court focuses on fairness to the litigants. *See, e.g., Thompson v. Runnels,* 705 F.3d 1089, 1100 (9th Cir. 2013) ("Because the legal issue has been fully addressed by both parties, and because it is a simple and straightforward question of law, we do not abuse our discretion in addressing it.")(collecting cases). Appellants fully addressed the issues raised in the Answering Brief (Dkt. 32). Moreover, the Court has already stated that it is "…of the unanimous opinion that the facts and legal arguments

are adequately presented in the briefs and the record and that oral argument would not significantly aid the decisional process. Therefore, this matter is ordered submitted on the brief*s* and the record *without* oral argument." (Dkt. 55)(emphasis added). Thus, apparently no more work needs to be done by the Appellants. However, it is unclear if this entry inherently overrules the clerk's prior order striking the Answering Brief from the record. Out of an abundance of caution and under advice of new counsel, Hyperion respectfully requests that this Court considers the previously filed Answering Brief.

Respectfully submitted this Tuesday, June 10, 2025

By _____

Tim J. Billick, WSBA No. 46690
Practus LLP
E-mail: tim.billick@practus.com
600 First Ave, Ste.102
Seattle, WA  98104
Ph. 206-844-6539

*Attorneys for Defendant-Appellee*
*Hyperion Entertainment C.V.B.A.*

## CERTIFICATE OF SERVICE

I hereby certify that I electronically filed the foregoing with the Clerk of the Court for the United States Court of Appeals for the Ninth Circuit by using the appellate CM/ECF system on Tuesday, June 10, 2025.

Participants in the case who are registered CM/ECF users will be served by the appellate CM/ECF system.

June 10, 2025
SEATTLE, WA

By _____

Tim J. Billick, WSBA No. 46690
Practus LLP
E-mail: tim.billick@practus.com
600 First Ave, Ste.102
Seattle, WA 98104
Ph. 206-844-6539

*Attorneys for Defendant-Appellee*
*Hyperion Entertainment C.V.B.A.*
.